UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEVIN RASHEE CONEY, #756543,

        Petitioner,

                              CASE NO. 2:18-CV-11592
v.                              HON. ARTHUR J. TARNOW

BOB VASHAW,[1]

        Respondent.

_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan

prisoner Tevin Rashee Coney ("Petitioner") pleaded guilty to second-degree

murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the

commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b, in the

Wayne County Circuit Court. He was sentenced to consecutive terms of 50 to 100

years imprisonment and two years imprisonment in 2016. In his petition, he raises

---

[1]Petitioner is currently confined at the St. Louis Correctional Facility in St. Louis, Michigan where Bob Vashaw is the acting warden. Accordingly, the case caption is hereby amended to reflect his current custodian. *See* 28 U.S.C. § 2243; 28 U.S.C. foll. § 2254, Rule 2(a); Fed. R. Civ. P. 81(a)(2).

claims concerning an alleged breach of his plea agreement, the assessment of financial penalties, and the effectiveness of defense counsel relative to those issues. For the reasons set forth, the Court denies the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.     Facts and Procedural History

Petitioner's convictions arise from an attempted armed robbery on January 25, 2015 in Detroit, Michigan that resulted in the shooting deaths of two people and an injury to a third person. On December 4, 2015, Petitioner pleaded guilty to second-degree murder and felony firearm in exchange for the dismissal of felony murder and assault with intent to rob while armed charges and an agreement that he be sentenced to consecutive terms of 50 to 100 years imprisonment and two years imprisonment. On January 7, 2016, the date of sentencing, Petitioner made a verbal motion to withdraw his plea, which was denied. The trial court then sentenced him in accordance with the plea agreement. The trial court also assessed $6,000 in restitution, $68 in state costs, $60 in DNA testing, $260 in crime victim costs, $1,300 in court costs, and attorney fees of $400.

2

On July 1, 2016, Petitioner filed a motion to enforce his plea and to correct an invalid sentence with the state trial court alleging that the court's imposition of costs and fees violated his plea agreement and that defense counsel was ineffective for failing to object at sentencing. The trial court denied the motion, explaining that restitution is mandatory and not negotiable during plea or sentence bargaining, that court costs are authorized by statute and the imposed costs were reasonably related to the court's actual costs, and that attorney fees are authorized by statute and Petitioner failed to show that he would suffer a manifest hardship by having to pay them. The trial court also ruled that Petitioner failed to show that counsel's performance was deficient or that he was prejudiced by counsel's conduct such that his ineffective assistance of counsel claim lacked merit. *People v. Coney*, No. 15-5764-01-FC (Wayne Co. Cir. Ct. Sept. 1, 2016). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals essentially raising the same claims presented on habeas review. The court denied leave to appeal for "lack of merit in the grounds presented." *People v. Coney*, No. 334339 (Mich. Ct. App. Oct. 14, 2016). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.

*People v. Coney*, 500 Mich. 962, 891 N.W.2d 494 (2017).

Petitioner thereafter filed his federal habeas petition raising the following

claims:

    I.      He was deprived of his Fifth and Fourteenth Amendment
            constitutional rights of due process when his bargain did
            not include financial penalties.

    II.     He was deprived of his Fifth and Fourteenth Amendment
            constitutional rights of due process when the assessment
            of financial penalties was not proceeded by an indigency
            hearing and was not supported by evidence of their
            reliability.

    III.    He was deprived of his Fifth and Fourteenth Amendment
            rights of due process and his Sixth Amendment
            constitutional right to the effective assistance of counsel
            when counsel failed to insist on the validity of his plea
            bargain and failed to raise the foregoing issues.

Respondent has filed an answer to the habeas petition contending that it should be

denied because the first two claims are barred by procedural default and all of the

claims lack merit.

## III.   Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be granted

4

with respect to any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim –

(1)      resulted in a decision that was contrary to, or involved an
         unreasonable application of, clearly established Federal
         law, as determined by the Supreme Court of the United
         States; or

(2)      resulted in a decision that was based on an unreasonable
         determination of the facts in light of the evidence
         presented in the State court proceedings.

28 U.S.C. § 2254(d).

       "A state court's decision is 'contrary to' . . . clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme Court

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme] Court and nevertheless arrives at a result different from

[that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*,

535 U.S. 685, 694 (2002).

       "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal

habeas court to 'grant the writ if the state court identifies the correct governing

legal principle from [the Supreme] Court but unreasonably applies that principle to

the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n

order for a federal court find a state court's application of [Supreme Court]

precedent 'unreasonable,' the state court's decision must have been more than

incorrect or erroneous. The state court's application must have been 'objectively

unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*

*Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard

for evaluating state-court rulings,' and 'demands that state-court decisions be given

the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting

*Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per

curiam)).

The United States Supreme Court has held that "a state court's determination

that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision." *Harrington*

*v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)). The Supreme Court emphasized "that even a strong case for relief

does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing

*Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*  Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."  *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015).  A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to deciding whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *Williams*, 529

U.S. at 412;  *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting

that the Supreme Court "has held on numerous occasions that it is not 'an

unreasonable application of clearly established Federal law' for a state court to

decline to apply a specific legal rule that has not been squarely established by this

Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam));

*Lockyer*, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give

reasons before its decision can be deemed to have been 'adjudicated on the

merits.'"  *Harrington*, 562 U.S. at 100.  It also "does not require citation of

[Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme

Court] cases, so long as neither the reasoning nor the result of the state-court

decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also*

*Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by

Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly

established Federal law, as determined by the Supreme Court,'" and "[i]t therefore

cannot form the basis for habeas relief under AEDPA."  *Parker v. Matthews*, 567

U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014)

(per curiam). The decisions of lower federal courts may be useful in assessing the

reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493

(6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003));

*Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal

habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this

presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358,

360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was

before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Analysis

### A. Procedural Default

As an initial matter, Respondent argues that Petitioner's first two habeas

claims are barred by procedural default because he did not properly raise those

issues in the state courts. On habeas review, however, federal courts "are not

required to address a procedural-default issue before deciding against the petitioner

on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing

*Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has

explained the rationale behind such a policy: "Judicial economy might counsel

giving the [other] question priority, for example, if it were easily resolvable against

the habeas petitioner, whereas the procedural-bar issue involved complicated issues

of state law." *Lambrix*, 520 U.S. at 525. Such is the case here. The procedural

issues are intertwined with the substantive claims, and the substantive claims are

more readily decided on the merits. Accordingly, the Court need not address the

procedural default issue and shall instead proceed to the merits of the claims.

**B.      Merits**

**1.      Plea Agreement Claim**

Petitioner first asserts that he is entitled to habeas relief because the state

trial court imposed restitution, court costs, and attorney fees as part of his sentence

even though his plea agreement contained no such requirements. He contends that

the imposition of such financial penalties constitutes a breach of the plea

agreement and contends that those obligations should be removed from his

sentence.[2] Petitioner raised this claim on direct appeal. The Michigan Court of

Appeals denied leave to appeal for lack of merit in the grounds presented and the

---

[2]Petitioner does not raise an involuntary plea claim in his pleadings.

Michigan Supreme Court denied leave to appeal in a standard order. The state

courts' denial of relief is neither contrary to Supreme Court precedent nor an

unreasonable application of federal law or the facts.

In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the Supreme Court

held that "when a plea rests in any significant degree on a promise or agreement of

the prosecutor, so that it can be said to be part of the inducement or consideration,

such promise must be fulfilled." *Santobello* only applies to promises that induce a

defendant to enter the plea. *Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984).

Furthermore, the prosecution is held only to the literal terms of the plea agreement.

*United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988). A federal habeas

court should not "'lightly find misrepresentation in a plea agreement.'" *Myers v.

Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001) (quoting *Montoya v. Johnson*,

226 F.3d 399, 406 (5th Cir. 2000)).

Petitioner fails to show that the prosecutor breached any promise or

agreement. Petitioner received a benefit for his bargain – the prosecutor agreed to

drop first-degree murder and assault with intent to rob while armed charges and

agreed to consecutive sentences of 50 to 100 years imprisonment and two years

imprisonment, which saved Petitioner from a potential mandatory sentence of life imprisonment without the possibility of parole. The prosecutor complied with those promises and Petitioner was sentenced in accordance with the plea agreement. The plea agreement was silent as to financial obligations and no one promised Petitioner that he would not be subject to them as part of his sentence.

Furthermore, as explained by the state trial court in denying Petitioner's post-judgment motion, restitution is mandatory under Michigan law as of 1994 and is no longer open to negotiation during plea or sentence bargaining. *See People v. Ronowski*, 222 Mich. App. 58, 60-61, 564 N.W.2d 466 (1997); Mich. Comp. Laws § 780.751 (Crime Victim's Rights Act); Const. 1963, art 1, § 24. Because restitution is mandatory under Michigan law, a defendant "cannot claim that he did not know it would be ordered or that its imposition was not contemplated during the bargaining process." *Ronowski*, 222 Mich. App. at 61; *see also People v. Jamison*, No. 333990, 2017 WL 4818895, *2 (Mich. Ct. App. Oct. 24, 2017) (per curiam, citing *Ronowski*); *People v. Hart*, 211 Mich. App. 703, 708, 536 N.W.2d 605 (1995) ("[b]y entering into the plea agreement, defendant implicitly agreed that he would pay restitution in an amount accurately determined by the court").

Additionally, under Michigan law, the state courts have statutory authority to assess court costs and attorney fees as part of a defendant's sentence. *See* Mich. Comp. Laws §§ 769.1k(1)(b)(iii); (iv). The trial court's imposition of restitution, court costs, and attorney fees thus did not constitute a breach of Petitioner's plea agreement. *See Pena v. Winn*, No. 5:17-CV-12222, 2018 WL 1877504, *4 (E.D. Mich. April 19, 2018) (denying habeas relief on similar claim).

Furthermore, the Court is not convinced that Petitioner's decision to accept the plea agreement was influenced by potential financial obligations. The dismissal of the first-degree murder and assault with intent to rob while armed charges and the agreement that he would be sentenced to consecutive terms of 50 to 100 years imprisonment and two years imprisonment (thereby avoiding a mandatory life sentence) were surely the driving forces underlying his plea decision and were the promises that induced his plea. *See, e.g., Doyle v. Scutt*, 247 F. Supp. 2d 474, 483-84 (E.D. Mich. 2004) (ruling that plea decision did not rest, to any significant degree, on when restitution payments would start). Petitioner fails to establish a *Santobello* violation, or that he was otherwise deprived of his constitutional rights, as to this issue. Habeas relief is not warranted on this claim.

## 2. Financial Penalties Claim

Petitioner relatedly asserts that he is entitled to habeas relief because the state trial court violated his constitutional rights by requiring the payment of restitution, court costs, and attorney fees as part of his sentence without making proper inquiries about their amounts and his ability to pay. Petitioner raised this claim on direct appeal. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

The traditional purpose of the writ of habeas corpus is to obtain release from unlawful confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). "In general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013); *Michaels v. Hackel*, 491 F. App'x 670, 671 (6th Cir. 2012). The United States Court of Appeals for the Sixth Circuit has explained that a restitution order "falls

outside ... the margins of habeas ... because it is not a serious restraint on ... liberty as to warrant habeas relief." *Washington*, 529 F. App'x at 773. When a petition raises a challenge to a restitution order, a district court must dismiss that portion of the petition for lack of subject matter jurisdiction. *Id*. Petitioner's claim challenging the state trial court's imposition of restitution, court costs, and attorney fees is thus not cognizable upon habeas review.

Furthermore, to the extent that Petitioner challenges the state court's calculations or procedures for imposing the financial obligations, he merely raises state law issues. *See, e.g., Lee v. Burt*, No. 09-12127, 2011 WL 2580642, *3 (E.D. Mich. June 29, 2011) (order adopting report and recommendation and denying habeas relief on similar claim). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*

*v. McGuire*, 502 U.S. 62, 67-68 (1991). Habeas relief is therefore not warranted on this claim.

### 3.     Ineffective Assistance of Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to raise the foregoing issues at the time of his plea and sentencing. Petitioner raised this claim on direct appeal. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by

17

*Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

In this case, Petitioner fails to show that defense counsel was ineffective under the *Hill/Strickland* standard. Given the state courts' rulings, as well as this Court's decision, that the underlying claims lack merit, Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct. Counsel cannot be deemed ineffective for failing to make a futile or meritless objection. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States*

*v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims such that the habeas petition must be denied.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such a showing. A certificate of appealability is not warranted. Furthermore, an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE**

the petition for a writ of habeas corpus. The Court also **DENIES** a certificate of

appealability and **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.


_s/Arthur J. Tarnow_____
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2020